LINK: 20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1200 GAF (VBKx) | Date | July 7, 2009 |
|---|---|---|---|
| Title | Consorcia Mendoza et al v. Golden West Savings Association Services Co. et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers)**

### ORDER RE: ORDER TO SHOW CAUSE

On June 23, 2009, the Court issued Plaintiffs' attorney Dean Browning Webb an Order to Show Cause why the Court should not vacate its April 22, 2009 Order granting Mr. Webb *pro hac vice* status in the above-referenced case. Mr. Webb applied for *pro hac vice* status on April 21, 2009 (Docket No. 13), and the Court promptly granted it (Docket No. 14). It later came to the Court's attention that Mr. Webb did not truthfully complete his application to appear as a non-resident attorney and Mr. Webb may not qualify for *pro hac vice* status because he is regularly engaged in the representation of clients in the state of California. Mr. Webb submitted a response to the Court's Order, which the Court considers below.

The Local Rules instruct that "an applicant is not eligible for permission to practice *pro hac vice* if the applicant: (a) [r]esides in California; or (b) [i]s regularly employed in California; or (c) [i]s regularly engaged in business, professional, or other similar activities in California." C.D. Cal. R. 83-2.3.2. The Application of Non-Resident Attorney to Appear in a Specific Case ("Form G-64") requires an applicant to verify that none of these qualifications apply. It also asks the applicant to list the cases in which he has "concurrently, or within three (3) years of this application, made *pro hac vice* applications to this Court." Mr. Webb's application to appear in this case lists only one action, Baggett v. Roberts, CV 08-4090 VBF (June 2008 application). It has come to the Court's attention that Mr. Webb has in fact filed *pro hac vice* applications in at least nine pending cases, and four others that were initiated within the last three years but are now closed.[1] None of these actions were listed on Form G-64.

---

[1] In four of the pending cases, Mr. Webb's applications have been either denied or terminated: Chavira v. Central Mortgage Co., CV 09-0276 ODW; Ramirez v. Secured Bankers Mortgage Co., CV 09-1567 GAF; Ortiz v. Wachovia Mortgage FSB, CV 09-2948 RGK; Amparan v. Wells Fargo Bank, CV 09-3898 DSF.

LINK: 20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1200 GAF (VBKx) | Date | July 7, 2009 |
|---|---|---|---|
| Title | Consorcia Mendoza et al v. Golden West Savings Association Services Co. et al | | |

Mr. Webb argues that he reasonably interpreted the requirements of Form G-64. He maintains that the form does not mandate he "attach a separate sheet of paper" to list all relevant entries. (See Webb Decl. ¶¶ 10–12.) The Court finds this argument disingenuous since Mr. Webb listed only one case, and left the remaining three lines blank. Mr. Webb further explains he did not list Chagby v. Target Corp, CV 08-4425 GHK, a case filed within the prior year, because it was already closed at the time of Mr. Webb's application. (Id. ¶¶ 15, 20.) Form G-64, which admittedly is not perfect, requires an applicant to list the *pro hac vice* applications submitted "concurrently, or *within three years* of this application." With a three-year period expressly referenced, no reasonable attorney could believe that closed cases were not relevant.

Moreover, the Court's records indicate that Mr. Webb *concurrently* filed *pro hac vice* applications in *four* other Central District of California cases on April 21, 2009, the same day on which he filed his application in this case.[2] *None* of those cases are indicated on Mr. Webb's application. Mr. Webb explains that because those applications still were pending, he did not think he needed to list them. This explanation is not credible. Form G-64 very clearly instructs an applicant to list the cases in which he is *concurrently* filing applications for *pro hac vice* admission.

The Court's chief concern is Mr. Webb's lack of honesty, but it is also concerned about the extent to which Mr. Webb practices in California courts without being licensed here. The Court considers nine pending cases in the Central District of California – in addition to any cases he has pending in the three other federal districts in California – to be regular practice that disqualifies him from *pro hac vice* admission.

For the foregoing reasons, the Court **VACATES** its April 22, 2009 Order granting Mr. Webb *pro hac vice* status in this case.

**IT IS SO ORDERED.**

---

[2] Ayala et al v. World Savings Bank, FSB, CV 08-7683 PSG, Chavira v. Central Mortgage Company et al, CV 09-0276 ODW, Milin v. Greenpoint Mortgage Funding, Inc., CV 09-0364 DSF, Pickersgill v. Ameriquest Mortgage Co., CV 09-2237 SVW.